*w. jms*
*pmr*
*pmx*
# ORIGINAL

HENDERSON GALLAGHER & KANE
A Law Corporation

J. PATRICK GALLAGHER     3417-0
Topa Financial Center
745 Fort Street, Suite 1550
Honolulu, Hawaii 96813
Tel. No. (808) 531-2023

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 15 2011

at 3 o'clock and 51 min P M.
SUE BEITIA, CLERK

Attorneys for Plaintiff
NAUTILUS INSURANCE COMPANY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NAUTILUS INSURANCE COMPANY, | CIVIL NO. CV11-00172 JMS KSC<br>(Contract) |
| Plaintiff, | **PLAINTIFF NAUTILUS** |
| | **INSURANCE COMPANY'S** |
| vs. | **COMPLAINT FOR** |
| | **DECLARATORY JUDGMENT**; |
| SER TRUCKING, INC., | EXHIBITS "1" - "13"; SUMMONS |
| Defendant. | |

## PLAINTIFF NAUTILUS INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff NAUTILUS INSURANCE COMPANY, by and

through its attorneys, Henderson Gallagher & Kane, for its Complaint for

Declaratory Judgment against Defendant above-named, alleges and avers as

follows:

## PARTIES

1.     Plaintiff NAUTILUS INSURANCE COMPANY ("NAUTILUS") is, and was at all relevant times herein, a company organized under the laws of the State of Arizona and with its principal place of business in Arizona.

2.     Defendant SER TRUCKING, INC. ("SER TRUCKING") is, and was at all relevant times herein, a company organized under the laws of the State of Hawaii with its principal place of business in the State of Hawaii.

## JURISDICTION AND VENUE

3.     Jurisdiction exists in this Court pursuant to the provisions of 28 U.S.C. Section 1332 inasmuch as there is diversity of citizenship and the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs.

4.     This is an action for declaratory judgment pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. Section 2201, for purposes of determining an actual controversy between the parties.

5.     Venue in this jurisdictional district is proper under 28 U.S.C. Section 1391(a)(2), because Defendant resides within the District of Hawaii, and all or a substantial part of the events giving rise to the claims at issue in the underlying actions, as described herein, occurred within the District of Hawaii.

## NATURE OF ACTION

6.     This is an action by NAUTILUS, an insurance carrier, seeking a declaration of its rights and duties under a series of Commercial General Liability insurance policies it issued to SER TRUCKING (the "Nautilus Policies"). NAUTILUS hereby requests that this Court declare and adjudge that NAUTILUS does not have a duty to defend and/or indemnify SER TRUCKING under the Nautilus Policies, with respect to claims asserted against SER TRUCKING in two civil actions, captioned John Smith, et al. v. David Souza, et al., Civil No. 08-1-1540-07 ("Smith Lawsuit") and Winston Naone, et al. v. David Souza, et al., Civil No. 08-1-1541-07 ("Naone Lawsuit"), pending in the Circuit Court of the First Circuit, State of Hawaii (collectively, the "Underlying Lawsuits").

## BACKGROUND

A.     The Smith Lawsuit

7.     On July 28, 2008, John and Charmaine Smith (collectively, the "Smiths") filed a Complaint in the Smith Lawsuit against David and Carol Souza and others, including Doe Corporations 1-10 ("Smith Complaint").

8.     A true and correct copy of the Smith Complaint, filed on July 28, 2008, is attached and made a part hereof as Exhibit "1".

9.     In the Smith Complaint, the Smiths allege in relevant part:

3

¶ 9.   *On or about January 6, 2007, Plaintiffs SMITH accepted Defendants SOUZA's DROA counteroffer to purchase the property at 86-340 Puhawai Road for the sum of $620,000.00. Plaintiffs were represented by their real estate agent and broker . . . Defendants SOUZA were represented by their real estate agent and broker . . , but the DROA failed to disclose serious defects on the construction of the house which should have been revealed to the Buyers, the Lender and the EPA.*

. . .

¶ 11.   *Subsequent to the Plaintiffs SMITH's purchase of the property, Plaintiffs also discovered numerous building defects and problems with the construction including but not limited to, electrical problems, water meter and electrical meter problems, settlement of the foundation and cracking, improper drainage of the lot, improper and illegal cesspool, improper staking and the zoning use of the property.  Plaintiffs also discovered that there has been illegal dumping on the adjacent lot by Defendants SOUZA, which now causes the flooding of the underground cesspool. Upon information and belief, the illegal dumping and burial of material contains hazardous wastes which, together with the illegal cesspool, may contaminate Plaintiffs' property if there is flooding due to the obstructed streambed and cause contamination of the ground water during flooding in violation of EPA regulations.*

10.   On December 5, 2008, the Smiths filed a Motion for Identification of

4

Doe Defendants, identifying SER TRUCKING as "Doe Corporation 1" ("Smith Motion").

11.    A true and correct copy of the Smith Motion is attached and made a part hereof as Exhibit "2".

12.    On December 26, 2008, the Smiths filed Errata to their motion which included an Affidavit of Gary Y. Shigemura ("Smith Affidavit").

13.    A true and correct copy of the Errata to the Smith Motion, including the Smith Affidavit is attached and a part hereof as Exhibit "3".

14.    The Smith Affidavit states in relevant part:

> ¶ 3.    *That in July 28, 2008, Plaintiffs filed a Complaint in this action and has been investigating all companies, persons and entity who caused or contributed to the dumping of solid waste at 86-340 Puhawai Road, Waianae, Hawaii.*
>
> . . .
>
> ¶ 5.    **That Defendant SER TRUCKING, INC., a Hawaii corporation identified herein is proper party Defendant in this action, paid DAVID SOUZA and ISLAND TOPSOIL, LLC to dump solid waste at the above property.**
>
> ¶ 6.    *That Defendant ISLAND TOPSOIL, a Hawaii General Domestic Partnership, identified herein, is a proper party Defendant in this action, was a company owned by DAVID SOUZA that dumped solid waste on the above property.*
>
> . . .
>
> ¶ 9    *That Defendant ISLAND TOPSOIL, LLC, a domestic Limited Liability Company, as DOE ENTITY 1, identified herein is a proper party Defendant in this action is partly owned by*

5

> DAVID SOUZA and is implicated as an entity that coordinated
> the dumping at the property in question.
>
> ¶ 10. **That all the Doe Defendants identified herein contributed or**
> **have contributed to the dumping of solid waste materials**
> accumulated in the property at 86-340 Puhawai Road,
> Waianae, Hawaii, including but not limited to waste tires,
> partially buried tires, concrete rubble greater than eight inches
> in diameter, and party buried rebar.

(emphasis added).

15.    On March 10, 2009, the Smith Motion was granted, identifying SER

TRUCKING as "Doe Corporation 1".

16.    The Smith Complaint alleges the following six claims: (1) Negligence

and Negligent Misrepresentation; (2) Breach of Contract; (3) Violation of H.R.S.

Chapter 480; (4) Breach of Fiduciary Duty; (5) Non-Disclosure and Concealment;

and (6) Unjust Enrichment and Restitution.

17.    In the Smiths' prayer for relief, they request that judgment be entered

jointly and severally against all defendants as follows:

> A.    Special damages to be proven at trial;
> B.    General damages to be proven at trial;
> C.    Punitive damages to be proven at trial;
> D.    Prejudgment and post judgment interest;
> E.    Treble damages for unfair or deceptive trade practices;
> F.    Costs and attorneys fees;
> G.    Restitution and damages for unjust enrichment; and
> H.    Such other damages and relief in law or equity, which the
>        Court deems just and equitable.

6

B.      The Naone Lawsuit

18.     On July 28, 2008, Winston and Kathy Naone (collectively, the

"Naones") filed a Complaint in the Naone Lawsuit against David and Carol Souza

and others, including Doe Corporations 1-10 ("Naone Complaint").

19.     A true and correct copy of the Naone Complaint, filed on July 28,

2008, is attached and made a part hereof as Exhibit "4".

20.     In the Naone Lawsuit, the Naones allege in relevant part:

> ¶ 9.   *On or about July 30, 2007, Plaintiffs' DROA to
> purchase Defendants SOUZA's property at 86-344
> Puhawai Road was accepted for the sum of
> $890,000.00. Plaintiffs were represented by their
> real estate agent and broker . . . Defendants
> SOUZA were represented by their real estate
> agent and broker. . .*

. . .

> ¶ 11.  *Subsequent to the Plaintiffs' purchase of the
> property, Plaintiffs also discovered numerous
> building defects and problems with the
> construction including but not limited to,
> electrical problems, plumbing problems regarding
> the illegal cesspool, improper staking and the fact
> that the electrical and water meters were not
> found. Plaintiffs also discovered that there has
> been illegal dumping by Defendants SOUZA, in
> violation of the antidumping rules of the City and
> County of Honolulu. Plaintiffs' believe that the
> illegal dumping and burial of hazardous material
> and construction debris contains hazardous
> material which may contaminate Plaintiffs'*

7

> *property and the illegal cesspool if there is*
> *flooding due to the obstructed streambed causing*
> *a contamination of the ground water during*
> *flooding in violation of EPA regulations.*

21. On December 5, 2008, the Naones filed a Motion for Identification of Doe Defendants, identifying SER TRUCKING as "Doe Corporation 1" ("Naone Motion").

22. A true and correct copy of the Naone Motion is attached and made a part hereof as Exhibit "5".

23. On December 26, 2008, the Naones filed Errata to their motion which included an Affidavit of Gary Y. Shigemura ("Naone Affidavit").

24. A true and correct copy of the Errata to the Naone Motion, including the Naone Affidavit is attached and a part hereof as Exhibit "6".

25. The Naone Affidavit states in relevant part:

> ¶ 3. *That in July 28, 2008, Plaintiffs filed a Complaint*
> *in this action and has been investigating all*
> *companies, persons and entity who caused or*
> *contributed to the dumping of solid waste at 86-*
> *344 Puhawai Road, Waianae, Hawaii.*
>
> . . .
>
> ¶ 5. **That Defendant SER TRUCKING, INC., a**
> **Hawaii corporation identified herein is proper**
> **party Defendant in this action, paid DAVID**
> **SOUZA and ISLAND TOPSOIL, LLC to dump**
> **solid waste at the above property.**

8

¶ 6.   *That Defendant ISLAND TOPSOIL, a Hawaii General Domestic Partnership, identified herein, is a proper party Defendant in this action, was a company owned by DAVID SOUZA that dumped solid waste on the above property.*

. . .

¶ 9   *That Defendant ISLAND TOPSOIL, LLC, a domestic Limited Liability Company, as DOE ENTITY 1, identified herein is a proper party Defendant in this action is partly owned by DAVID SOUZA and is implicated as an entity that coordinated the dumping at the property in question.*

¶ 10.   ***That all the Doe Defendants identified herein contributed or have contributed to the dumping of solid waste materials*** *accumulated in the property at 86-344 Puhawai Road, Waianae, Hawaii, including but not limited to waste tires, partially buried tires, concrete rubble greater than eight inches in diameter, and party buried rebar.*

(emphasis added).

26.     On April 30, 2009, the Naone Motion was granted, identifying SER TRUCKING as "Doe Corporation 1".

27.     The Naone Complaint alleges the following six claims: (1) Negligence and Negligent Misrepresentation; (2) Violation of H.R.S. Chapter 324H; (3) Violation of H.R.S. Chapter 322, Part II; (4) Breach of Contract; (5)

Violation of H.R.S. Chapter 480; (6) Breach of Fiduciary Duty; and (7) Non-

Disclosure and Concealment.

28.     In the their prayer for relief, the Naones request that judgment be

entered jointly and severally against all defendants as follows:

> *A.     Special damages to be proven at trial;*
> *B.     General damages to be proven at trial;*
> *C.     Punitive damages to be proven at trial;*
> *D.     Prejudgment and post judgment interest;*
> *E.     Treble damages for unfair or deceptive trade practices;*
> *F.     Costs and attorneys fees;*
> *G.     Restitution and damages for unjust enrichment; and*
> *H.     Such other damages and relief in law or equity, which the*
> *        Court deems just and equitable.*

29.     On July 6, 2010, the Smith and Naone Lawsuits were consolidated.

## RESERVATION OF RIGHTS.

30.     On February 24, 2010, NAUTILUS issued a reservation of rights

letter to SER TRUCKING in which Nautilus agreed to defend SER TRUCKING

in the Underlying Lawsuits under a full reservation of its rights, including the right

to bring a declaratory judgment action to determine the obligations and

responsibilities of the parties under the Nautilus Policies.

31.     A true and correct copy of the reservation of rights letter dated

February 24, 2010 is attached and made a part hereof as Exhibit "7".

## THE NAUTILUS POLICIES

32.     NAUTILUS issued to SER TRUCKING a Commercial Lines Policy under Policy No. NC260126 effective for the policy period 6/19/2003 - 6/19/2004.

33.     A true and correct copy of Nautilus Policy No. NC260126 is attached and made a part hereof as Exhibit "8".

34.     NAUTILUS issued to SER TRUCKING a Commercial Lines Policy under Policy No. NC349181 effective for the policy period 6/19/2004 - 6/19/2005.

35.     A true and correct copy of Nautilus Policy No. NC349181 is attached and made a part hereof as Exhibit "9".

36.     NAUTILUS issued to SER TRUCKING a Commercial Lines Policy under Policy No. NC438891 effective for the policy period 6/19/2005 - 6/19/2006.

37.     A true and correct copy of Nautilus Policy No. NC438891 is attached and made a part hereof as Exhibit "10".

38.     NAUTILUS issued to SER TRUCKING a Commercial Lines Policy under Policy No. NC562305 effective for the policy period 6/19/2006 - 6/19/2007.

11

39.     A true and correct copy of Nautilus Policy No. NC562305 is attached and made a part hereof as Exhibit "11".

40.     NAUTILUS issued to SER TRUCKING a Commercial Lines Policy under Policy No. NC664271 effective for the policy period 6/19/2007 - 6/19/2008.

41.     A true and correct copy of Nautilus Policy No. NC664271 is attached and made a part hereof as Exhibit "12".

42.     NAUTILUS issued to SER TRUCKING a Commercial Lines Policy under Policy No. NC803433 effective for the policy period 6/19/2008 - 6/19/2009.

43.     A true and correct copy of Nautilus Policy No. NC803433 is attached and made a part hereof as Exhibit "13".

44.     SER TRUCKING is the named insured under Nautilus Policy Nos. NC260126, NC349181, NC438891, NC562305, NC664271, and NC803433 (collectively, the "Nautilus Policies") .

45.     The Nautilus Policies, under Commercial General Liability ("CGL") Coverage Form (CG 00 01 10 01) for Policy Nos. NC260126, NC349181, NC438891 and NC562305 and under CGL Coverage Form (CG 00 01 12 04) for Policy Nos. NC664271 and NC803433, *SECTION I - COVERAGES, COVERAGE*

*A BODILY INJURY AND PROPERTY, DAMAGE LIABILITY* contain the Bodily

Injury and Property Damage Liability coverage ("Liability Coverage") policy

which provides in relevant part:

> 1. *Insuring Agreement* follows:
>    a. *We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.*
>
> . . .
>
>    b. *This insurance applies to "bodily injury" and "property damage" only if:*
>       (1) *The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";*
>       (2) *The "bodily injury" or "property damage" occurs during the policy period;*
>
> . . .

46.     The Nautilus Policies, under CGL Coverage Form (CG 00 01

10 01) for Policy Nos. NC260126, NC349181, NC438891 and NC562305 and

under CGL Coverage Form (CG 00 01 12 04) for Policy Nos. NC664271 and

NC803433, *SECTION V - DEFINITIONS* contain the definitions of "bodily

injury", "occurrence" and "property damage", which provides in relevant part:

13

*3.  "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.*

. . .

*13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions*

. . .

*17. "Property damage" means:*
   *a.  Physical injury to tangible property, including all resulting loss of use of that property.  All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or*
   *b.  Loss of use of tangible property that is not physically injured.  All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it.*

## COUNT I
## LIABILITY COVERAGE IS NOT APPLICABLE BECAUSE THERE IS NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"

47.   NAUTILUS realleges and incorporates herein the allegations contained in paragraphs 1 through 46 as though fully alleged herein.

48.   The Nautilus Policies afford Liability Coverage only for the damages for which an "insured" is legally liable because of "bodily injury" or "property damage" caused by an "occurrence".

49.   In the Underlying Lawsuits, it is alleged that SER TRUCKING with other Defendants "contributed or have contributed to the dumping of solid waste

14

materials accumulated in the property at [86-340 and 86-344 Puhawai Road, Waianae, Hawaii]," by having paid Defendants Souza and Island Top Soil, LLC to dump solid waste, "including but not limited to waste tires, partially buried tires, concrete rubble greater than eight inches in diameter, and partially buried rebar."

50.    The Smiths and Naones allege that this dumping was "illegal" and that it "may" contaminate their property "if there is flooding due to the obstructed streambed and cause contamination of the ground water during flooding in violation of EPA regulations."

51.    The Smiths allege that the dumping "causes the flooding of the underground cesspool."

52.    The Naones allege that the dumping is "in violation of the antidumping rules of the City and County of Honolulu."

53.    The Smiths and Naones do not allege "bodily injury" as the allegations do not allege bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

54.    The Smiths and Naones do not allege "property damage" as they do not allege physical injury to tangible property or loss of use of tangible property that is or is not physically injured.

55.    The Smiths and Naones do not allege an "occurrence" causing property damage under the terms of the Nautilus Policies.

56.    The allegations found in the Underlying Lawsuits merely express a potential for contamination, the potential obstruction of a streambed, the potential flooding of an underground cesspool, and violation(s) of rules/regulations, which, in and of themselves, do not constitute "property damage" within the meaning of the Nautilus Policies or an "occurrence" causing "property damage" under the Nautilus Policies.

57.    By reason thereof, NAUTILUS is entitled to a declaration from this Court that Liability Coverage under the Nautilus Policies is not applicable to the claims against SER TRUCKING, and NAUTILUS therefore does not have a duty to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

## COUNT II
## LIABILITY COVERAGE IS NOT APPLICABLE BECAUSE THERE IS NO "OCCURRENCE"

58.    NAUTILUS realleges and incorporates herein the allegations contained in paragraphs 1 through 57 as though fully alleged herein.

59.    The Nautilus Policies afford Liability Coverage only for the damages for which an "insured" is legally liable because of "bodily injury" or "property damage" caused by an "occurrence".

60.   Under Hawaii law, there is no "occurrence" where an insured commits an intentional act or omission that results in damages that were expected or reasonably foreseeable.

61.   The Underlying Lawsuits do not allege that SER TRUCKING engaged in or contributed to dumping accidentally.

62.   Instead, the allegations indicate that the dumping by SER TRUCKING and/or the payment to David Souza and Island Topsoil to dump solid waste was done deliberately in that SER TRUCKING paid Defendants Souza and Island Topsoil, LLC to dump solid waste at the Smiths and Naones' properties.

63.   Deliberate acts do not constitute accidents or an "occurrence" under the Nautilus Policies, regardless of whether there was an intent or expectation of harm.

64.   If "bodily injury" or "property damage" is alleged in the Underlying Lawsuits, the "bodily injury" or "property damage" was not caused by an "occurrence".

65.   By reason thereof, NAUTILUS is entitled to a declaration from this Court that Liability Coverage under the Nautilus Policies is not applicable to the claims against SER TRUCKING, and NAUTILUS therefore does not have a duty to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

## COUNT III
## LIABILITY COVERAGE IS EXCLUDED UNDER THE
## TOTAL POLLUTION EXCLUSION

66.     NAUTILUS realleges and incorporates herein the allegations

contained in paragraphs 1 through 65 as though fully alleged herein.

67.     The Nautilus Policies contain a "Total Pollution" exclusion

endorsement (Form CG 21 49 09 99)("Total Pollution Exclusion").  The language

of this exclusion is nearly identical in each of the Nautilus Policies except that

Nautilus Policy No. NC803433 has some deleted and added language which is

indicated by underlining for deleted language and bracketing for added language

or emphasis:

> [A.]   *Exclusion f. under [of] **Paragraph 2., Exclusions of Section I
> - Coverage A - Bodily Injury and Property Damage Liability**
> is [replaced] by the following:*
>
> *This insurance does not apply to:*
>
> *f.  Pollution*
> *(1)    "Bodily Injury" or "property damage"
> which would not have occurred in whole or
> part but for the actual, alleged or threatened
> discharge, dispersal, seepage, migration,
> release or escape of "pollutants" at any time*
> *(2)    Any loss, cost or expense arising out of
> any:*
> *(a)    Request, demand, order or statutory
> or regulatory requirement that any
> insured or others test for, monitor,*

*clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants"; or*

(b)     *Claim or ["]suit["] by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of, "pollutants".*

[(c)     *Requirements by Environmental Protection Agency (EPA) 40 CFR Parts 280 and 281 for underground storage tanks, Comprehensive Environmental Response Compensation and Liability Act (CERCLA) or any similar State or Federal environmental act(s).]*

68.     For Nautilus Policy Nos. NC260126, NC349181, NC438891 and NC562305, the definition of "pollution" is found under CGL Coverage Form (CG 00 01 10 01) and for Policy No. NC664271, the relevant definition is found under CGL Coverage Form (CG 00 01 12 04), *SECTION V - DEFINITIONS,* and provides in relevant part:

15.     *"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.*

19

69.    For Nautilus Policy NC803433, the definition of "pollution" is found in the Exclusion - Total Pollution Endorsement (Form L22 (06/07)), and provides:

*[B. The definition of "Pollutants" in the **Definitions** section is **replaced** by the following:*

*Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste includes, but is not limited to, materials to be recycled, reconditioned or reclaimed.]*

70.    The Total Pollution Exclusion excludes Liability Coverage for "bodily injury" or "property damage" which would not have occurred in whole or in part but for the discharge, dispersal, seepage, migration, release or escape of "pollutants".

71.    The Smiths and Naones allege that SER Trucking is one of a number of Defendants who contributed to the dumping of solid waste at the subject property, including but not limited to tires, concrete rubble and rebar.

72.    The Smiths and Naones allege that the alleged dumping has "obstructed [a] streambed" that may contaminate the ground water if the obstruction causes flooding.

73.    The Smiths allege that the dumping "causes the flooding of the underground cesspool"; that the "material contains hazardous wastes" and that the

dumping may "cause contamination of the ground water during flooding in violation of EPA regulations."

74.     Even if the alleged consequences constitute "bodily injury" or "property damage", and NAUTILUS contends they do not, the Smiths and Naones' allegations trigger the Total Pollution Exclusion to preclude Liability Coverage for those claims to the extent that the alleged consequences would not have occurred in whole or part but for the alleged dumping of solid wastes that would constitute the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants".

75.     The solid wastes allegedly dumped are "pollutants" to the extent they are a "solid . . . or waste . . . [which] includes materials to be recycled, reconditioned or reclaimed", that discharged, dispersed, seeped, migrated, released or escaped to the streambed and/or cesspool.

76.     If "bodily injury" or "property damage" is alleged in the Underlying Lawsuits, then under the Total Pollution Exclusion, Liability Coverage for "bodily injury" or "property damage" would be excluded.

77.     By reason thereof, NAUTILUS is entitled to a declaration from this Court that Liability Coverage under the Nautilus Policies is not applicable to the

claims against SER TRUCKING, and NAUTILUS therefore does not have a duty

to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

### COUNT IV
### LIABILITY COVERAGE IS EXCLUDED UNDER
### THE "MICROORGANISM, BIOLOGICAL ORGANISMS,
### BIOAEROSOLS OR ORGANIC CONTAMINANTS", "TOXIC METALS"
### AND/OR THE "LEAD CONTAMINATION" EXCLUSIONS

78.     NAUTILUS realleges and incorporates herein the allegations

contained in paragraphs 1 through 77 as though fully alleged herein.

79.     The Nautilus Policies contain a "Microorganisms, Biological

Organisms Bioaerosols or Organic Contaminants" exclusion endorsement.

80.     For Nautilus Policy Nos. NC260126, NC349181, NC438891,

NC562305 and NC664271 the "Microorganisms, Biological Organisms

Bioaerosols or Organic Contaminants" exclusion endorsement is found under

*EXCLUSION - MICROORGANISMS, BIOLOGICAL ORGANISMS*

*BIOAEROSOLS OR ORGANIC CONTAMINANTS* (Form S233(08/01)).  For

Policy No. NC803433 the exclusion endorsement is found under *EXCLUSION -*

*MICROORGANISMS, BIOLOGICAL ORGANISMS BIOAEROSOLS OR*

*ORGANIC CONTAMINANTS* (Form L241 (06/07)).

81.     Nautilus Policy Nos. NC664271and NC803433 contain a "Toxic

Metals" exclusion endorsement.

82.    For Policy No. NC664271 the "Toxic Metals" exclusion endorsement is found under EXCLUSION - TOXIC METALS (Form L238 (08/06)).  For Policy No. NC803433 the "Toxic Metals" exclusion endorsement is found under EXCLUSION - TOXIC METALS (Form L238 (06/07)).

83.    Nautilus Policy Nos. NC260126, NC349181, NC438891 and NC562305 contain a "Lead Contamination" exclusion endorsement.

84.    For Policy Nos. NC260126, NC349181, NC438891 and NC562305, the "Lead Contamination" exclusion endorsement is found under EXCLUSION - LEAD CONTAMINATION (Form S091 (04/99)).

85.    Even if the allegations found in the Underlying Lawsuits constitute "bodily injury" or "property damage", the "Microorganisms, Biological Organisms Bioaerosols or Organic Contaminants" exclusion applies to preclude Liability Coverage for those claims to the extent that the alleged consequences arose out of, is related to, was caused by, or is connected with the dumping of solid wastes that lead to the exposure to, presence of, formation of, existence of, or actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of any microorganisms, biological organisms, bioaerosols, or organic contaminants.

86.    Even if the allegations found in the Underlying Lawsuits constitute "bodily injury" or "property damage", the "Toxic Metals" exclusion applies to

preclude Liability Coverage for those claims to the extent that the alleged

consequences arose out of the alleged dumping of solid wastes that lead to direct

or indirect contact with, any exposure to, or the ingestion, inhalation or absorption

of any "toxic metals" in any form.

87.    The Underlying Lawsuits further trigger the "Toxic Metals"

exclusion to the extent that the Smiths and Noanes allege that they incurred any

loss, cost, or expense arising out of any obligation imposed, or any claim or "suit"

brought by any authority in connection with addressing the effects of any "toxic

metals" as a result of the alleged dumping.

88.    Even if the allegations found in the Underlying Lawsuits constitute

"bodily injury" or "property damage", the "Lead Contamination" exclusion applies

to preclude Liability Coverage for those claims to the extent that the alleged

consequences arose out of the alleged dumping of solid wastes that lead to the

ingestion, inhalation or absorption of lead in any form.

89.    The Smiths and Naones' allegations further trigger the "Lead

Contamination" exclusion to the extent that the Smiths and Naones allege that

they incurred any loss, cost, or expense arising out of any obligation imposed, or

any claim or "suit" brought by any authority in connection with addressing the

effects of lead as a result of the alleged dumping.

90.     By reason thereof, NAUTILUS is entitled to a declaration from this

Court that Liability Coverage under the Nautilus Policies is not applicable to the

claims against SER TRUCKING, and NAUTILUS therefore does not have a duty

to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

## COUNT V
## LIABILITY COVERAGE IS EXCLUDED UNDER THE "AUTO" EXCLUSION

91.     NAUTILUS realleges and incorporates herein the allegations

contained in paragraphs 1 through 90 as though fully alleged herein.

92.     The Nautilus Policies are Commercial General Liability Policies.

They are not Business Auto nor Trucking/Hauling Policies.

93.     The Nautilus Policies contain an "Auto" exclusion.

94.     For Nautilus Policy Nos. NC260126, NC349181, NC438891 and

NC562305, the "Auto" exclusion is found under CGL Coverage Form (CG 00 01

10 01) and for Policy Nos. NC664271 and NC803433, the "Auto" exclusion is

found under CGL Coverage Form (CG 00 01 12 04), *SECTION I - COVERAGES,*

*COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY,*

*subsection 2* and provides in relevant part:

> *This insurance does not apply to:*
>     . . .

25

g. *Aircraft, Auto Or Watercraft*
*"Bodily injury" or "property damage" arising out of*
*the ownership, maintenance, use or entrustment to*
*others of any aircraft, "auto" or watercraft owned or*
*operated by or rented or loaned to any insured.  Use*
*includes operation and "loading or unloading."*

95.    For Nautilus Policy Nos. NC260126, NC349181, NC438891 and

NC562305, the relevant definitions are found under CGL Coverage Form (CG 00

01 10 01) and for Policy Nos. NC664271 and NC803433, the relevant definitions

are found under CGL Coverage Form (CG 00 01 12 04), *SECTION V -*

*DEFINITIONS,* and provides in relevant part:

2.  *"Auto" means a land motor vehicle, trailer or semi trailer*
*designed for travel on public roads, including any attached*
*machinery or equipment.  But "auto" does not include*
*"mobile equipment"*
. . . .

11.    *"Loading or unloading" means the handling of*
*property:*
a.  *After it is moved from the place where it is accepted for*
*movement into or onto an aircraft, watercraft of "auto";*
b.  *While it is in or on an aircraft, watercraft or "auto"; or*
c.  *While it is being moved from an aircraft, watercraft or*
*"auto" to the place where it is finally delivered;*

*But "loading or unloading" does not include the movement*
*of property by means of a mechanical device, other than a*
*hand truck, that is not attached to the aircraft, watercraft,*
*or "auto".*

96.    The "Auto" exclusion excludes Liability Coverage for "bodily injury" or "property damage" arising out of the ownership, maintenance, use or entrustment to others of any "auto" owned or operated by or rented or loaned to any insured.

97.    The Smiths and Naones allege that SER Trucking with other Defendants contributed to the dumping of solid waste at the subject property, including but not limited to tires, concrete rubble and rebar.

98.    The Smiths and Naones allege that SER Trucking "paid David Souza and Island Top Soil, LLC to dump solid waste" at the dump site.

99.    The Smiths and Naones further allege that Defendant Island Top Soil was a company "partly owned" by David Souza that "dumped solid waste" and "coordinated the dumping at the property in question."

100.    The Smiths and Naones further allege that the dumping has led to the potential for contamination, the obstruction of a streambed, the flooding of an underground cesspool, and violation(s) of rules/regulations.

101.    Even if the alleged consequences constitute "bodily injury" or "property damage", and NAUTILUS contends they do not, the Smiths and Naones' allegations trigger the "Auto" exclusion to preclude Liability Coverage

for those claims to the extent that the alleged consequences arose out of the "use" of an "auto" owned or operated by or rented or loaned to SER Trucking.

102.   In other words, if SER TRUCKING is alleged to have done the hauling of solid waste with its vehicles, the "Auto" exclusion would apply.

103.   If "bodily injury" or "property damage" is alleged in the Underlying Lawsuits, then under the "Auto" exclusion, Liability Coverage for the "bodily injury" or "property damage" would be excluded.

104.   By reason thereof, NAUTILUS is entitled to a declaration from this Court that Liability Coverage under the Nautilus Policies is not applicable to the claims against SER TRUCKING, and NAUTILUS therefore does not have a duty to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

### COUNT VI
### LIABILITY COVERAGE IS EXCLUDED UNDER THE "CONTRACTUAL LIABILITY" EXCLUSION

105.   NAUTILUS realleges and incorporates herein the allegations contained in paragraphs 1 through 104 as though fully alleged herein.

106.   The Nautilus Policies contain a "Contractual Liability" exclusion endorsement.

107.   For Nautilus Policy Nos. NC260126, NC349181, NC438891 and NC562305, the "Contractual Liability" exclusion is found under CGL Coverage

Form (CG 00 01 10 01), *SECTION I - COVERAGES, COVERAGE A BODILY*

*INJURY AND PROPERTY DAMAGE LIABILITY, subsection 2* and for Policy Nos.

NC664271 and NC803433, the "Contractual Liability" exclusion is found under

CGL Coverage Form (CG 00 01 12 04), *SECTION I - COVERAGES, COVERAGE*

*A BODILY INJURY AND PROPERTY DAMAGE LIABILITY, subsection 2* and

provides:

> *This insurance does not apply to:*
>
> . . .
>
> *b.  Contractual Liability*
> *"Bodily injury" or "property damage" for which the*
> *insured is obligated to pay damages by reason of the*
> *assumption of liability in a contract or agreement.*

108.   The "Contractual Liability" exclusion excludes Liability Coverage for

"bodily injury" or "property damage" if the injury or damage is one in which the

insured is obligated to pay damages by reason of the assumption of liability in a

contract or agreement.

109.   The Smiths and Naones allege that SER Trucking with other

Defendants contributed to the dumping of solid waste at the subject property,

including but not limited to tires, concrete rubble and rebar.

110.   The Smiths and Naones allege that SER Trucking "paid David Souza

and Island Top Soil, LLC to dump solid waste" at the dump site.

29

111.   The Smiths and Naones further allege that Defendant Island Top Soil was a company "partly owned" by David Souza that "dumped solid waste" and "coordinated the dumping at the property in question."

112.   The Smiths and Naones further allege that the dumping has led to the potential for contamination, the obstruction of a streambed, the flooding of an underground cesspool, and violation(s) of rules/regulations.

113.   Even if the alleged consequences of the dumping constitute "bodily injury" or "property damage", the Underlying Lawsuits trigger the "Contractual Liability" exclusion to preclude Liability Coverage for those claims to the extent it is alleged that SER Trucking contracted with and paid for the actions of David Souza and/or Island Top Soil, LLC.

114.   If "bodily injury" or "property damage" is alleged in the Underlying Complaint, then under the "Contractual Liability" exclusion, Liability Coverage for the "bodily injury" or "property damage" would be excluded.

115.   By reason thereof, NAUTILUS is entitled to a declaration from this Court that Liability Coverage under the Nautilus Policies is not applicable to the claims against SER TRUCKING, and NAUTILUS therefore does not have a duty to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

## COUNT VII
## LIABILITY COVERAGE IS EXCLUDED UNDER THE CONTRACTORS AND SUBCONTRACTORS EXCLUSION

116.    NAUTILUS realleges and incorporates herein the allegations

contained in paragraphs 1 through 115 as though fully alleged herein.

117.    Nautilus Policy Nos. NC349181, NC438891 and NC562305 contain

an endorsement, *EXCLUSION – CONTRACTORS AND SUBCONTRACTORS*

(Form S012 (09/03)) ("Contractors/Subcontractors Exclusion"), that provides in

relevant part:

> *The following exclusion is **added** to Paragraph **2. Exclusions** of*
> ***SECTION 1 - COVERAGE A - BODILY INJURY AND***
> ***PROPERTY DAMAGE LIABILITY, SECTION 1 - COVERAGE B***
> ***- PERSONAL AND ADVERTISING INJURY LIABILITY*** *AND*
> ***SECTION 1 - COVERAGE C - MEDICAL PAYMENTS:***
>
> > *This insurance does not apply to "bodily injury", "property*
> > *damage", "personal and advertising injury" or medical payments*
> > *arising out of operations performed for you by contractors or*
> > *subcontractors you hire or your acts or omissions in connection*
> > *with your general supervision of such operations.*

118.    The Contractors/Subcontractors Exclusion excludes Liability

Coverage for "bodily injury" or "property damage" arising out of work performed

by any contractor or subcontractor, or any acts or omissions in connection with the

general supervision of such work.

31

119.   The Smiths and Naones allege that SER Trucking with other Defendants contributed to the dumping of solid waste at the subject property, including but not limited to tires, concrete rubble and rebar.

120.   The Smiths and Naones allege that SER Trucking "paid David Souza and Island Top Soil, LLC to dump solid waste" at the dump site.

121.   The Smiths and Naones further allege that Defendant Island Top Soil was a company "partly owned" by David Souza that "dumped solid waste" and "coordinated the dumping at the property in question."

122.   The Smiths and Naones further allege that the dumping has led to the potential for contamination, the obstruction of a streambed, the flooding of an underground cesspool, and violation(s) of rules/regulations.

123.   Even if the alleged consequences of the dumping constitute "bodily injury" or "property damage", the Underlying Lawsuits trigger the Contractors/Subcontractors Exclusion to preclude Liability Coverage for those claims to the extent that SER Trucking hired David Souza and/or Island Top Soil, LLC as a contractor or subcontractor to dump solid wastes at the dump site.

124.   If "bodily injury" or "property damage" is alleged in the Underlying Lawsuits, then under the Contractors/Subcontractors Exclusion, Liability Coverage for the "bodily injury" or "property damage" would be excluded.

32

125.   By reason thereof, NAUTILUS is entitled to a declaration from this Court that Liability Coverage under the Nautilus Policies is not applicable to the claims against SER TRUCKING, and NAUTILUS therefore does not have a duty to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

**COUNT VIII**
**LIABILITY COVERAGE IS EXCLUDED UNDER THE**
**PUNITIVE/EXEMPLARY DAMAGES EXCLUSION**

126.   NAUTILUS realleges and incorporates herein the allegations contained in paragraphs 1 through 125 as though fully alleged herein.

127.   The Nautilus Policies contain a "Punitive Or Exemplary Damages" exclusion endorsement.

128.   For Nautilus Policy Nos. NC260126, NC349181, NC438891, NC562305, and NC664271 the "Punitive or Exemplary Damages" exclusion endorsement is found under *ADDITIONAL EXCLUSIONS AND CONDITIONS* (Form S017 (01/98)), *EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES* which provides:

> *The following is **added** to EXCLUSIONS:*
>
> *This insurance does not apply to a claim of or indemnification for punitive or exemplary damages. If a "suit" shall have been brought against you for a claim within the coverage provided under the policy, seeking both compensatory and punitive or exemplary damages, then we will afford a defense for such action. We shall not*

33

*have an obligation to pay for any costs, interest or damages attributable to punitive or exemplary damages.*

129.   For Nautilus Policy No. NC803433, the "Punitive Or Exemplary Damages" exclusion endorsement is found under *EXCLUSION - PUNITIVE OR EXEMPLARY DAMAGES* (Form L217 (06/07)) which provides:

*The following exclusion is **added** to 2. **Exclusions** of **Section I**:*

*This insurance does not apply to punitive or exemplary damages.*

130.   The Smiths and Naones seek punitive damages against SER Trucking in their respective prayers for relief.

131.   Liability Coverage for the alleged punitive damages is excluded under the "Punitive or Exemplary Damages" exclusion endorsement .

132.   Liability Coverage for the alleged punitive damages is barred by statute under HRS § 431:10-240.

133.   By reason thereof, NAUTILUS is entitled to a declaration from this Court that Liability Coverage under the Nautilus Policies is not applicable to the punitive damage claims against SER TRUCKING, and NAUTILUS therefore does not have a duty to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

34

## COUNT IX
## NO COVERAGE OBLIGATION

134.   NAUTILUS realleges and incorporates herein the allegations contained in paragraphs 1 through 133 as though fully alleged herein.

135.   An actual controversy of a justiciable nature exists between NAUTILUS and SER TRUCKING, wherein NAUTILUS contends that the Nautilus Policies afford no coverage benefits or obligations to SER TRUCKING.

136.   On the basis of the foregoing, declaratory relief is necessary and proper to determine the rights, obligations and liabilities, if any, which exist as to said parties under the Nautilus Policies issued to SER TRUCKING.

WHEREFORE, NAUTILUS prays for judgment in its favor and against SER TRUCKING as follows:

A.    A declaratory judgment to be issued by this Court that NAUTILUS is entitled to a declaration from this Court that there is no coverage under the Nautilus Policies for the claims against SER TRUCKING, and NAUTILUS therefore does not have a duty to defend and/or indemnify SER TRUCKING in the Underlying Lawsuits.

B.    That NAUTILUS be entitled to recover from SER TRUCKING some or all of the costs expended in having to bring this action.

C.     That NAUTILUS be entitled to such other and further relief as

the Court deems just and proper under the circumstances of this case.

DATED: Honolulu, Hawaii, _____MAR 1 5 2011_____.


_____
J. PATRICK GALLAGHER

Attorney for Plaintiff
NAUTILUS INSURANCE COMPANY